Dorothy I. JOHNSON, Appellant,

v.

George E. DANIELSON, Stanley A. Phipps and James A. A. Smith, as Trustees in Bankruptcy of Los Angeles Trust Deed & Mortgage Exchange, a California corporation, and dba Trust Deed & Mortgage Markets, a California corporation, Appellees.

(Sub Nom. In the Matter of Los Angeles Trust Deed & Mortgage Exchange, a California corporation, dba Trust Deed & Mortgage Markets, a California corporation, Bankrupt).

No. 17487.

United States Court of Appeals
Ninth Circuit.

Sept. 19, 1961.

Mathew L. Hatfield, Lancaster, Cal., for appellant.

Burke Mathes, William J. Tiernan, of Gendel & Raskoff, by Arnold M. Quittner, Los Angeles, Cal., for appellee.

Before ORR, HAMLEY and MERRILL, Circuit Judges.

We have heard two motions to dismiss the appeal in the above-entitled case. This order is in response to the second. On July 26, 1961, appellant Dorothy Johnson filed her notice of appeal from a judgment of the district court in this Bankruptcy proceeding. On the hearing of the first motion, appellee urged as one ground of dismissal the failure of appellant Johnson to file a cost bond. On August 9, 1961, this court made and entered its order denying the motion to dismiss and further ordered appellant Johnson to file a cost bond within ten days therefrom. Appellee in its second motion urges that the cost bond was not filed within the ten days required by the previous order, and further that appellant failed to file with this court a transcript of record within the forty day period provided for by F.R.Civ.P. 73(g), 28 U.S.C.A. Not only has there been a failure to file a transcript, but in answer to a question from the bench, appellant's counsel admitted that he had in fact not yet even ordered a transcript for transmission to this court.

We are moved to act upon the failure of appellant to comply with the order and with the failure to comply with Rule 73(g) with more strictness because of the peculiar circumstances of this case. Substantial losses have occurred and further and greater losses may result to second trust deed holders by delay from this litigation. Foreclosures of first trust deeds are proceeding at a rapid rate and each such foreclosure results in a loss to a second trust deed holder. The trustees in bankruptcy, who now hold the partly paid second trust deeds, are anxious to release them to their proper holders upon payment of the balance due thereon, thus giving the second trust deed holders the opportunity to reinstate the first trust

deeds and to take such other steps as they may to protect their interests. The trustees are unable to return the second trust deeds upon payment of the balance due thereon so long as this appeal is pending. Appellant's claim has been found to be $407.60. This is not a final adjudication, but in any event appellant's claim is not more than $6,000, an amount small in comparison to what the holders of the second trust deeds stand to lose by the prolongation of this appeal. The remittitur shall issue forthwith.

Appeal dismissed.